Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York  12572
Tel: (845) 876-7500

Attorneys for Plaintiff Joseph O. Lane

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH O. LANE, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. |
| -against- | COMPLAINT |
| RCN TELECOM SERVICES LLC d/b/a RCN BUSINESS and BRUCE ABBOTT in his personal capacity, | Electronically Filed |
| Defendants. | |

     Plaintiff Joseph O. Lane, on behalf of himself and those similarly situated, by and through his attorneys Charny & Wheeler, brings this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) on behalf of himself and those similarly situated, to recover unpaid overtime wages from Defendants RCN Telecom Services, LLC d/b/a RCN Business and Bruce Abbott in his personal capacity and in support alleges as follows.

## JURISDICTION & VENUE

    1.    Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, <u>et seq.</u>, as well as 28 U.S.C. §§ 1331 and 1337.  This Court's supplemental jurisdiction is also

invoked to assert the plaintiff's claims for violations of Article 6 of New York's Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

2. This action properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff is a resident of Westchester County, State of New York.

4. For all relevant times Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and Article 6 of New York State's Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

5. Defendant RCN Telecom Services, LLC (herein Defendant RCN) is a foreign limited liability corporation organized and existing under the laws of the State of New Jersey. Defendant RCN operates a sales and service branch in New York, New York.

6. For all relevant times, Defendant Bruce Abbott was the Operations Vice President for Defendant RCN with oversight and full profit and loss responsibilities for the New York City Market.

7. For all relevant times, Defendant Abbott exercised control over all aspects of the day-to-day functions of Defendant RCN in his region including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) establishing the terms of employment of plaintiff and the members of the putative class; (iii) hiring and firing; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment

records of the employing entity.

8. For all relevant times, Defendant Abbott acted directly and indirectly in Defendant RCN's interests in relation to its employees, including Plaintiff.

9. Defendants are employers within the meaning of 29 U.S.C. § 203(d) and Article 6 of New York State Labor Law and its corresponding regulations 12 NYCRR 142-2.2.

10. For all relevant times, Defendant RCN has been regularly engaged in commerce within the meaning of 29 U.S.C. § 203(b), (g), (i), (j), and (r).

11. For all relevant times, Defendant RCN's annual gross volume of sales made or business done has not been less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## STATEMENT OF FACTS

12. Defendants provide businesses with facilities-based communication products and services over Defendants' wholly-owned communication networks.

13. On March 9, 2015 Plaintiff began employment with Defendant RCN in its New York City Branch. Plaintiff was hired with the title "Enterprise Account Executive" and was paid with a base salary plus commission.

14. On January 10, 2016 Plaintiff's title was changed to "Senior Sales Operations Specialist." His compensation stayed the same.

15. Without regard to his title, Plaintiff had the same duties and responsibilities, to wit, operate out of the branch and provide customer support services to new and existing customers of Defendant RCN.

16.     Plaintiff was assigned as customer representative for all customers of Defendant RCN within New York -- approximately 679 customers.

17.     In particular Plaintiff was communicated with clients, monitored billing and installation projects and otherwise provided customer service.

18.     Plaintiff worked almost exclusively out of Defendants' New York City office. Plaintiff did little or no traveling to customer sites or otherwise have reason to leave the office.

19.     Plaintiff's employment with Defendants terminated on March 7, 2017.

20.     Unless there was a vacation day or holiday, Plaintiff always worked in excess of forty hours each week, typically working between 48 and 50 hours per week, at a minimum.

21.     Plaintiff was paid a base salary of $65,000 plus a commission.

22.     Plaintiff's commission never exceeded one-half of his weekly pay. Plaintiff's commission comprised on average thirty percent of Plaintiff's weekly pay.

23.     Despite regularly working in excess of 40 hours per week, Plaintiff was paid his regular hourly rate for all hours worked; overtime pay (i.e., one and one-half times the regular hourly rate) was never paid to Plaintiff.

24.     Defendant RCN employs a person in the exact same position in its four other markets as well as for its national market. These positions are generally considered "CAMs," for "customer account manager."

25.     Upon information and belief, these five positions are in the following offices: Chicago, Boston, Lehigh Valley, Washington D.C. and New York City.

26.     Upon information and belief, these five positions are identical in all regards to Plaintiff's position, including in their failure to pay these CAMs overtime compensation for

hours worked in excess of forty in a given week.

27. For purposes of the FLSA collective action, the collective class is defined as:

> All customer account managers employed by Defendants beginning three years from the commencement of this proceeding who were not paid overtime for hours worked over forty in a workweek.

28. Similarly situated former and current employees are readily identifiable through use of the defendants' records. These similarly situated employees can be located and should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Prompt notice is requested so that persons similarly situated to the plaintiff who have been unlawfully deprived of overtime pay in violation of the FLSA will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

29. Plaintiff repeats and re-alleges the preceding allegations as if the same were set forth at length.

30. Defendants employed Plaintiff and those similarly situated for workweeks longer than forty hours and willfully failed to compensate Plaintiff for the time worked in excess of forty hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the FLSA.

31. As a consequence of the willful underpayment of wages alleged above, Plaintiff, and those similarly situated, have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

32. Plaintiff repeats and re-alleges the preceding allegations as if the same were set forth at length.

33. Defendants employed Plaintiff for workweeks longer than forty hours and willfully failed to compensate Plaintiff for the time worked in excess of forty hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Article 6 of the Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.2.

34. As a consequence of the willful underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensations pursuant to 12 NYCRR 142-2.2, together with interest and liquidated damages, in an amount to be determined at trial, together with all available relief under Article 6 of the Labor Law of the State of New York.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE WAGE NOTICES AND STATEMENTS
### IN VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

35. Plaintiff repeats and re-alleges the preceding allegations as if the same were set forth at length.

36. For all relevant time, Defendants have failed to provide Plaintiff with wage notices as required by New York Labor Law Section 195(1)(a).

37. Since at least April 9, 2011, Defendants have failed to provide plaintiff and the putative class members with wage statements as required by New York Labor Law Section

195(3).

38. As a consequence, plaintiff and the putative class are entitled to statutory penalties as provided for in New York Labor Law.

REQUEST FOR RELIEF

Plaintiff requests the following relief:

a. Certifying this cause as a collective action in accordance with 26 U.S.C. § 216(b) with respect to the FLSA claims;

b. Judgment against Defendants for willful violation of the FLSA and Article 6 of the Labor Law of New York and its corresponding regulations, 12 NYCRR 142-2.2;

d. Liquidated and statutory damages as provided for by the FLSA and New York Labor Law;

e. Pre- and post-judgment interest;

f. All costs and attorneys' fees incurred prosecuting these claims;

g. Any and all further relief available under the FLSA and Article 6 of the Labor Law of the State of New York and its corresponding regulations, 12 NYCRR 142-2.2; and

h. Such other and further relief as the Court deems just and equitable.

DATED:   Rhinebeck, New York
         January 15, 2018

_____
Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York  12572
Tel: (845) 876-7500

Attorneys for Plaintiff Joseph O. Lane