# Charny & Associates

Attorneys at Law

Nathaniel K. Charny (NY & NJ Bar)
Russell G. Wheeler
Elizabeth A. Ledkovsky

9 West Market Street
Rhinebeck, New York 12572
Tel: 845-876-7500
Fax: 845-876-7501

September 27, 2108

By ECF
Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007

Re:   Joseph O. Lane v. RNC Telecom Services, LLC, et al.
      Civil Action No. 18-cv-0351 (AT)

Dear Judge Torres:

This office represents Plaintiff Joseph O. Lane in the above matter.

Pursuant to the Court's August 29, 2018 Order (Docket Entry No. 29), I write on behalf of all parties to request that the Court approve the settlement agreement attached as Exhibit 1 to this Letter Motion, which has been negotiated and agreed to by all parties.[1]

In addition to this joint Letter Brief and the attached settlement agreement, Plaintiff's counsel submits herewith the Declarations of Russell G. Wheeler and Nathaniel K. Charny, both in support of that portion of the settlement agreement providing for an award of attorney's fees and costs.

Background

This Fair Labor Standards Act (FLSA) action was brought by Plaintiff Joseph O. Lane as a putative collective and class action for alleged unpaid overtime wages under both the FLSA and New York Labor Law (NYLL) and for failure to provide requisite wage notices and statements under the NYLL.  Lane's claims relate to his employment with Defendants RCN telecom Services LLC, d/b/a RCN Business and Bruce Abbott, RCN's Operations Vice President.  As set

---

[1] The copy of the settlement agreement attached as Exhibit 1 is executed by Plaintiff.  Both Defendants have agreed and consent to the settlement agreement as presented.  Defendants were unable to provide a copy fully executed by them in time for today's filing.  Upon execution by Defendants, the parties will supplement this submission with a copy fully-executed by all parties.

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 2

forth in the Complaint, Plaintiff alleges that Defendants employed him from March 2015 through March 2017 in two non-overtime exempt positions, yet failed to compensate him for all hours worked in excess of forty per week at a rate of pay at least one-and-a-half times his hourly wage. Plaintiff was instead paid a salary and commission, the latter of which he pleads never exceeded one-half of his weekly rate of pay. Throughout his employment by Defendants, Plaintiff alleges that he worked on average between forty-eight and fifty hours per week.

Defendants challenge these claims based both on the merits and the scope of the damages. In their Answer, Defendants deny that Plaintiff's weekly hours exceeded forty per week as alleged in the Complaint and assert that the duties and responsibilities of his positions exempted him from the FLSA and NYLL overtime requirements. Defendants deny that Plaintiff's commission did not exceed one-half of his weekly rate of pay. Defendants have also asserted various affirmative defenses, including waiver, estoppel and unclean hands; that Plaintiff has been paid all monies owed to him; that some or all of the work time at issue was not compensable pursuant to the Portal-to-Portal Act; and that some or all of the work time at issue was <u>de minimis</u> and therefore not compensable.

At a mediation held on August 21, 2018 through the District's ADR program, the parties reached a settlement disposing of all issues.

<u>The Settlement Terms</u>

The action is being settled for a total payment to Plaintiff in the amount of $35,000.

The payment comprises: (i) one payment to Plaintiff of $11,097.35 (less required tax and other deductions), representing alleged unpaid overtime wages; (ii) on payment to Plaintiff in of $11.097.35, representing alleged liquidated damages; and (iii) one payment to Charny & Wheeler of $12,805.30, representing alleged attorneys' fees, costs and expenses.

In total, Plaintiff will receive total settlement proceed in the amount of $22,194.70. The remainder of settlement proceeds is being remitted as attorney's fees and disbursements, discussed <u>infra</u>.

<u>Discussion of Factors Articulated in Wolinsky</u>

In <u>Wolinsky v. Scholastic, Inc.</u>, Judge Furman of this court articulated the following factors to be considered in determining whether a proposed settlement under the FLSA is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 3

> respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting <u>Medley v. Am. Cancer Soc.</u>, No. 10 CIV. 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Here, it is submitted that these factors weigh in favor of approval of the proposed settlement agreement.

i.   Range of Possible Recovery

  (a)   <u>The Following is Set Forth by Plaintiff's Counsel:</u>

Under Plaintiff's best-case scenario, Plaintiff would be entitled to a total recovery of $56,419.13 (comprising $36,955.50 in unpaid overtime and liquidated damages and $19,463.63 in attorneys' fees and costs), in addition to possible damages for the alleged NYLL wage notice violations.

As per his claim, Plaintiff's overtime damages are calculated as follows:

| <u>Column</u> | <u>Description</u> | <u>Calculation</u> | <u>Total</u> |
|---|---|---|---|
| A | Date of Hire | | 3/9/2015 |
| B | Date of Separation | | 3/7/2017 |
| C | Total Days Worked | (B minus A) | 729 |
| D | Total Weeks Worked | (C divided by 7) | 104 |
| E | Annual Salary | | $96,000 |
| F | Total Hours Per Week | | 50 |
| G | OT Hours Per Week | (F minus 40) | 10 |
| H | Total Overtime Hours | (D times 10) | 1041 |
| I | Weekly Wage | (E divided by 52) | $1,846.15 |
| J | Hourly Wage | (I divided by 50) | $35.50 |

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 4

| K | OT Rate Per Hour Between 40 and 50 Per Week | (J divided by 2) | $17.75 |
|---|---|---|---|
| L | Total Unpaid OT | (K times H) | $18,477.75 |
| M | Liquidated Damages |  | <u>$18,477.75</u> |
|  |  | **TOTAL** (L plus M) | **$36,955.50** |

The propriety of the proposed award of attorneys' fees and costs is discussed <u>infra</u>.

    (b)    <u>The Following is Set Forth by Defendants' Counsel:</u>

Under Defendants' best-case scenario, the Court would grant summary judgment to Defendants based on finding that Plaintiff was properly classified as exempt under the administrative exemption and/or the inside sales exemption. Under either scenario, Lane was not entitled to any overtime whatsoever. Moreover, even if Lane was found to be non-exempt, his overtime damages would be minimal because he rarely worked more than 40 hours per week.

ii.    <u>Avoidance of the Burdens and Expenses of Litigation</u>

The proposed settlement will allow the parties to substantially avoid significant burdens and expenses associated with the prosecution and defense of this action. The proposed settlement is being submitted to the Court prior to the completion of discovery. Although the parties have exchanged and responded to interrogatories and initial requests for production, no depositions have been taken and Defendants have not completed the review and production of any electronically-stored information responsive to Plaintiffs' demands. Accordingly, if approved, the proposed settlement would allow the parties to avoid not only the time and expense associated with these aspects of outstanding discovery, but also those required for dispositive motion practice and trial.

Beyond the avoidance of attorney time and costs, the proposed settlement agreement will save the parties the time that they would otherwise be required to expend in sitting for depositions, assisting in the completion of document production and other discovery, and preparing for and participating in the filing of dispositive motions and trial.

iii.    <u>Litigation Risk</u>

Both parties face serious litigation risks that would be avoided by the proposed settlement. By accepting the proposed settlement, Plaintiff avoids the risk that he might not prevail on the merits

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 5

of his claims.  Defendants have asserted a number of defenses that, if established, could result in a determination that Plaintiff was not entitled to overtime compensation under either the FLSA or NYLL and therefore not entitled to any award of unpaid overtime wages.  By entering into the proposed settlement, Plaintiff also avoids the potential of a verdict that awards him unpaid overtime in less than the proposed settlement amount or denies him liquidated damages, resulting in a recovery less than that provided by terms of the settlement.

The proposed settlement allows Defendants to avoid the possibility of a verdict awarding Plaintiff an amount in exceeding the settlement amount, should he prevail in establishing his "best case scenario," outlined supra.  It also forecloses the possibility of an award of the substantial attorneys' fees and costs that would be incurred by Plaintiff litigating this matter through trial.  Lastly, the proposed settlement will result in the discontinuance of Plaintiff's claims with respect to class and/or collective relief.

iv. -    Arm's Length Transaction and Possibility of Fraud or Collusion

The proposed settlement is the product of arm's length negotiation.  Both counsel have decades of legal experience and substantial experience in the litigation of wage and hour matters.  Neither counsel nor their respective firms have any prior association or any professional relationship that would call into question the integrity of the proposed settlement.  Further, the settlement was reached with the assistance of a neutral mediator appointed through the District's ADR program, experienced in matters of employment law and wage and hour litigation and with no connection to either party or party's counsel.

Finally, undersigned counsel both affirm that the proposed settlement is not the product of collusion between them and is the product of an arm's length negotiation on behalf of their respective clients.

Dispute as to Hours Worked and Compensation Owed

As noted by the parties' respective "best case scenarios," supra, there exists a bona fide dispute as to the number of hours worked and the amount of compensation Plaintiff is due.  While Plaintiff claims that he worked more than one thousand hours of overtime through the course of his employment resulting in more than $18,000 in compensation owed, Defendants contend that number to be significantly less maintaining that Plaintiff did not work the 48 to 50 hours per week that he alleges.

According to Defendants, Plaintiff left work between 5:30 PM and 6:00 PM on a regular basis and often took unscheduled breaks throughout the day.  Swipe card reports demonstrate that Plaintiff left and re-entered the building an average of 3.2 times per day.  Moreover, Plaintiff took extensive time off and thus could not have incurred any overtime during such weeks.

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 6

Further, Defendants argue that Plaintiff was at all times exempt from overtime requirements and therefore owed no additional compensation. The parties submit that the foregoing conflicting positions as to hours worked and compensation owed constitutes a "genuine dispute as to whether [Plaintiff is] entitled to damages." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 202 (2d Cir. 2015)

Attorneys' Fees

The following is set forth by Plaintiff's Counsel:

The proposed Settlement Agreement contemplates a total settlement amount of $35,000 (Ex. 1 ¶ 1), $12,805.30 of which would constitute attorneys' fees and disbursements, (id. ¶ 1(a)).

In litigating this matter, Charny & Wheeler disbursed costs and expenses in the amount of $1,138.63 (See Wheeler Decl., Ex. 1.) Such disbursements comprise filing fees, service of process fees, copying costs, travel expenses, legal database fees and postage. (Id. ¶ 20, Ex. 1.) Such costs and expenses relate solely to this matter and were necessarily incurred by Charny & Wheeler in its litigation of this matter. (Id.) Accordingly, it is submitted that they are a reasonable component of the proposed Settlement Agreement.

After accounting for disbursements, the proposed Settlement Agreement contemplates payment of attorneys' fees in the amount of $11,666.67. For the reasons articulated below, and as supported by the accompanying Declarations of counsel, it is submitted that such amount is a reasonable and appropriate fee in connection with the litigation and settlement of this matter.

In assessing the reasonableness of a fee award in FLSA context, courts in this circuit frequently consider the following 'Goldberger factors,' including: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Here, the Goldberger factors support a determination that the fee contemplated by the proposed Settlement Agreement is reasonable.

i.      Time and Labor Expended by Counsel

First, as set forth in the accompanying Declaration, Plaintiff's counsel expended no less than 59.45 hours of attorney time in litigating this matter. (Wheeler Decl. ¶ 29, Ex. 1.) The hourly rates applied are $400/hour for Attorney Charny and $300/hour for Attorney Wheeler. Attorney Charny's rate (an experienced employment law attorney for more than 20 years, (see Charny Dec.)) was not only affirmed by Judge Cathy Seibel in a similar case three years ago, (id.), it and

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 7

Attorney Wheeler's rate (an experienced attorney with 15 years' experience, (see Wheeler Dec.)) are consistent with well-established precedent in this Circuit.  C.f. Amaro v. Barbuto, LLC, No. 16-cv-1581 (AJN), 2017 WL 476730, at *4 (S.D.N.Y. Feb. 2, 2017).

The proffered fee award would yield an average, 'blended' rate of slightly less than $200 per hour.  It is submitted that this is reasonable.  See Zamora v. One Fifty Fifty Seven Corp., No. 14 CIV. 8043 (AT), 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016) (pronouncing approximately $275/hour to be "a reasonable effective hourly rate".).

At these rates, the Lodestar fee calculation in this matter totals $18,325.  The contemplated fee award in the amount of $11,666.67 is approximately sixty percent of the Lodestar calculation.  It is accordingly submitted that, given the value of the time and labor expended by counsel in this matter, the contemplated fee should be deemed reasonable.

ii.     Magnitude and Complexities of the Litigation

Second, given the posture of this matter at the time of settlement, this factor is less relevant than the others described herein.  Nevertheless, it is submitted that the proposed fee is consistent with magnitude and complexities associated with the litigation and settlement of this matter.

iii.    Risk of the Litigation

Third, litigation of this matter presented a number of risks for Plaintiff's counsel.  Beyond the potential for a dismissal of Plaintiff's claims based upon the defenses asserted by Defendants, a successful outcome for Plaintiff nevertheless carries with the possibility of an appeal by Defendants or the need to undertake enforcement or collection actions.

iv.     Quality of the Representation

Fourth, it is submitted that the quality of representation by Plaintiff's counsel is demonstrated by the settlement amount and the qualifications of counsel.  If approved, the proposed settlement would result in a recovery by Plaintiff of 100% of the unliquidated unpaid overtime damages as plead in the Complaint and calculated under his "best case scenario."   In addition, the Court may consider the qualifications and experience of Plaintiffs' counsel.  Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012).  (See Wheeler and Charny Decs.)

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 8

v.       The Requested Fee in Relation to Settlement

Fifth, the fee contemplated by the proposed settlement agreement represents one--third of the total settlement amount, net of costs, within the range of contingency fees typically approved by courts in the Second Circuit in FLSA cases.  See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 CIV. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (citing Second Circuit authority for, and awarding, contingency fee award of 33% of net settlement amount); Thornhill v. CVS Pharmacy, Inc., No. 13 CIV. 5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33%"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CIV. 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [one-third of the settlement amount, plus costs] is routinely approved by courts in this Circuit.").

Also relevant to this component of the analysis is the fact that the requested fee is based on a contingency fee arrangement between plaintiff and undersigned counsel.  (See Charny Dec ¶ 18, Ex. 1.)  See Nanduca v. R & A King Corp., 15 CIV. 7669 (JMF), at 2 (Apr. 13, 2016) (unpublished order) (seeing no need to reduce fee award where, inter alia, "based on agreement between Plaintiff and his attorney.")  C.f. Rangel, 2013 WL 5308277, at *1 (approving fee award based on contingency agreement between plaintiff and his counsel).

Finally, the settlement agreement contemplates Plaintiff's receipt of proceeds exceeding 100% of the amount of unpaid overtime compensation, as calculated by his counsel's "best case scenario." (See supra.)

vi.      Public Policy Considerations

Finally, it is submitted that public policy considerations also support a determination that the proposed fee is reasonable.  Although the proposed settlement does not include class or collective claims, it is submitted that the prosecution of Plaintiff's claims and the proposed settlement nevertheless advance the remedial objectives of the FLSA and NYLL.  See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

Confidentiality and Scope of Release

Consistent with the Second Circuit's growing body of caselaw on FLSA settlement approval, see Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S.Ct. 824, 193 L.Ed. 2d 718 (2016), please note that the proposed agreement does not contain any confidentiality or non-disparagement clauses and that its releases are narrowly drafted to apply only to the claims asserted in the Complaint.

Hon. Analisa Torres, U.S.D.J.
September 27, 2018
Page 9

Conclusion

The settling parties submit that the proposed settlement is fair and equitable in all regards and ask that it be approved by the Court.

Respectfully submitted:

| /s/ Russell Wheeler | /s/ Robert S. Whitman |
|---|---|
| Russell G. Wheeler (RW 8995) | Robert S. Whitman |
| Charny & Wheeler | Seyfarth Shaw LLP |
| 9 West Market Street | rwhitman@seyfarth.com |
| Rhinebeck, New York 12572 | 620 Eighth Avenue |
| Tel – (845) 876-7500 | New York, New York 10018 |
| Fax – (845) 876-7501 | Telephone: (212) 218-5500 |
| rwheeler@charnywheeler.com | Facsimile: (212) 218-5526 |
| Attorneys for Plaintiff | Attorneys for Defendants |

Attachments

cc:     All counsel of record (via ECF).