UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOSEPH O. LANE, individually and on behalf of others similarly situated

                Plaintiff,

-against-

RCN TELECOM SERVICES LLC d/b/a RCN BUSINESS and BRUCE ABBOTT in his personal capacity,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2018
```

18 Civ. 351 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Joseph O. Lane, brings this action against Defendants, RCN Telecom Services LLC and Bruce Abbott, for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement. *See* Joint Letter, ECF. No. 31. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement

>   will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

   II.   Analysis

The Settlement provides for Defendants to pay Plaintiff $22,194.70 and pay Plaintiff's counsel $12,805.30, a one-third contingency fee plus costs. Settlement Agreement and Release of Wage and Hour Claims ("Settlement") ¶ 1, ECF No. 31-1. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims at trial, to be approximately $36,955.50 in unpaid overtime and liquidated damages (excluding attorneys' fees). Joint Letter at 3. The parties assert that the Settlement "will allow the parties to substantially avoid significant burdens and expenses associated with the prosecution and defense of this action," including the time and expense associated with discovery, dispositive motion practice, and trial. *Id.* at 4. Both parties will also avoid the substantial litigation risks they face. *Id.* at 4–5. Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* at 5. The Court, therefore, concludes, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad. It releases Defendants from claims "arising under the FLSA, the NYLL, and any regulations or wage orders issued pursuant to either statute, from the beginning of time through the date of Court approval of this Agreement." Settlement ¶ 3. The Settlement does not contain a confidentiality or non-disparagement clause. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to the attorney's fees and costs, Plaintiff's counsel seeks to recover $11,666.67 in attorney fees and $1,138.63 in costs. Letter at 6; Settlement ¶ 1. In terms of costs, Plaintiff's

counsel may be reimbursed for the "costs of the action." 29 U.S.C. § 216(b); *see also Collado v. Donnycarney Rest. LLC*, No. 14 Civ. 3899, 2015 WL 4737917, at *10–15 (S.D.N.Y. Aug. 10, 2015) (awarding reasonable costs separately from attorney's fees). Here, the costs are reasonable and include, among other things, travel, computer research, mailing, and postage. Billing Records at 4, ECF No. 31-3. Additionally, the retainer agreement states that the client is responsible for "all costs for out-of-pocket expenses" in addition to the one-third contingency fee. Retainer Agreement, ECF No. 31-5.

The court also finds that the requested attorney's fees are reasonable. "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdman Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The award of attorney's fees here, net of costs, represents exactly one-third of the settlement amount. Letter at 8. *See also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015) (assessing the reasonableness of the attorney's fees independently of the costs).

Courts use the lodestar method as a benchmark to further assess the reasonableness of attorney's fees, multiplying the hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Plaintiff's counsel's lodestar calculation is $18,325 in fees for work done by the law firm Charny & Wheeler. Billing Records at 3. Lead counsel, Russell G. Wheeler, billed 50.05 hours at a rate of $300 per hour. *Id.* at 3. This rate is reasonable, as Wheeler is an experienced attorney, with substantial practice in labor and employment law since 2011. Wheeler Decl. ¶ 11, ECF No. 31-2. *See also Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys . . . in FLSA and NYLL wage-and-hour cases."). Additional hours are billed by paralegal Catherine M. Kelly-Skeen (1.5 hours at $100 per hour) and attorney Nathaniel K. Charny (7.9 hours at $400 per hour). *See* Billing Records at 1–3. These rates are also reasonable. *See e.g., Chung v. Brooke's Homecare LLC*, No. 17 Civ. 2534, 2018 WL 2186413, at *1 (S.D.N.Y. May 11, 2018); *see also Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514–15 (S.D.N.Y. 2011) (finding hourly rate of $100 for paralegals appropriate). The Court, therefore, concludes that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 10, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge